## DAWSON v. DAWSON et al.

No. 28625.   May 2, 1939.

Rehearing Denied May 31, 1939.

Emerick & Crawford, Charles Swindall, and Jack L. Langford, for plaintiff in error.

D. D. Brunson and D. D. Brunson, Jr., for defendants in error.

RILEY, J.   This action was commenced by plaintiff in error, herein referred to as plaintiff, against defendants in error, herein referred to as defendants, to set aside certain deeds executed in his lifetime by Dr. B. B. Dawson, now deceased, conveying certain property located in Pontotoc county to defendants.

Defendants are children of Dr. B. B. Dawson by his first wife, who died about November 8, 1929.   Plaintiff and Dr. B. B. Dawson were married October 22, 1931. B. B. Dawson died intestate December 24, 1936, and plaintiff is his widow.

On June 16, 1930, Dr. B. B. Dawson, then being single, signed and acknowledged the deeds in question conveying the property here involved to his two children, Earl Dawson and Helen Emeline Dawson Parrish. The deeds were filed for record on December 28, 1936, four days after the death of Dr. B. B. Dawson.

Plaintiff alleges and contends that said deeds were signed and acknowledged by Dr. B. B. Dawson, but were kept in his possession and under his control until his death, and were therefore never delivered by the grantor; that Dr. B. B. Dawson retained possession and control of all of said property down to the time of his death, and that part of the property involved, viz., lots 15 and 16, of block 3, of Donaghey addition to the city of Ada, was used and occupied by plaintiff and deceased as their homestead; that she still lives there and occupies said property as her homestead.

The contention of plaintiff is that said deeds were never delivered to defendants by Dr. B. B. Dawson in his lifetime, and by reason thereof the title never did pass; that plaintiff and defendants are the sole and only heirs at law of said Dr. B. B. Dawson, and that plaintiff, as one of such heirs, inherited and is the owner of an undivided one-third interest in all of said property, and in addition is entitled to use and occupy said lots 15 and 16 as a homestead.

Defendants admit that they and plaintiff are the sole heirs at law of said Dr. B. B. Dawson, deceased; admit that said Dr. B. B. Dawson in his lifetime, and while single, "executed and acknowledged" the deeds, and specifically deny that said deeds were never delivered to them by the grantor in his lifetime, and then plead affirmatively that Dr. B. B. Dawson, long prior to the time he was married to plaintiff, and shortly after he signed and acknowledged said deeds, made actual and manual delivery thereof to defendants, and in good faith intended to and did convey said property to defendants. They specifically deny all other allegations of plaintiff's petition.   Plaintiff replied by general denial.

Trial was had, resulting in a judgment and decree for defendants, and plaintiff appeals.

The only question presented is whether the deeds in question were delivered by the grantor to the grantee within the lifetime of the grantor so as to pass title.

The contention of plaintiff in her brief is that the court erred in ruling and holding that title vested in defendants, and that the "decision of the trial court is against the clear weight of the evidence."

A careful examination of the record as a whole will disclose that the finding and decision of the trial court is not against the clear weight of the evidence.

There are three separate deeds each dated and acknowledged on the 16th day of June, 1930.

F. W. Pinley appeared as a witness and testified that he was in the office of Dr. B. B. Dawson on June 16, 1936, and saw Dr. Dawson place some deeds in an envelope and heard him state at the time that they were deeds to all his property to Emeline and Earl Dawson. That Dr. Dawson in his presence wrote on the back of the envelope a statement to which he (Pinley) signed his name as a witness. The envelope was produced and introduced in evidence together with the statement as signed by the witness Pinley, as follows:

"These deeds were signed and acknowledged in my presence and delivered to Anna Searcy for delivery to Earle Dawson, and Helen Emeline Dawson Parrish, and were placed in B. B. Dawson safe for safekeeping."

He then testified that after the deeds were placed in the envelope, he (Pinley) saw Dr. Dawson hand the envelope containing the deeds to Anna Searcy, a stenographer and notary public; saw Dr. Dawson open the door of the safe in his office, and saw Anna Searcy put them in the safe. Anna Searcy was the notary before whom the deeds were acknowledged.

Plaintiff was a witness and testified in substance that she learned that the deeds were in the safe shortly after she and Dr. Dawson were married, and that they remained there until after Dr. Dawson's death. That she was present when the safe was opened on or about December 27, 1937; that she did not have the combination to the safe and could not open it; but that it was unlocked most of the time before Dr. Dawson's death; that Earl Dawson knew the combination and opened the safe in her presence, and that Earl Dawson took, or was supposed to have taken, the deeds from the safe after Dr. Dawson's death.

There is abundant evidence to the effect that Dr. B. B. Dawson retained possession of all the property during his lifetime, paid the taxes thereon, kept the buildings insured in his own name, and rented the farm and other property, at one time advertised a part of it for sale, and placed part of the property in the hands of real estate agents for sale, and in general handled and dealt with the property as though it was his own, and that plaintiff and Dr. B. B. Dawson lived in the house on said lots 15 and 16, and occupied the same as a home during their married life, and that plaintiff was living in the house at the time of the trial.

The circumstances were such as to indicate that Dr. B. B. Dawson, though he signed and acknowledged the deeds, did not intend immediate delivery thereof, and that he intended to and did retain possession of all the property.

On the other hand, there is positive evidence that the deeds came into the possession of defendant Earl Dawson in July, 1930, and that he kept them until after his father's death and then filed them for record.

Earl Dawson lived in Little Rock, Ark., all that time. He testified that he came to Ada the week beginning July 6, 1930; that he and W. F. Parrish, husband of defendant Helen Emeline Dawson Parrish, were together in the office of his father, Dr. B. B. Dawson, and that his father delivered the envelope containing the deeds, and that said deeds had been in his possession ever since; that the deeds plaintiff saw him take from the safe after the death of Dr. B. B. Dawson were in fact deeds from other persons to Dr. B. B. Dawson, which he afterward delivered to Mr. C. F. Green. He admitted that he had never been in actual possession of any of the property prior to his father's death, but that his father had paid him some income from the property.

W. F. Parrish testified that he lived in Shawnee in July, 1930; that his wife, Helen Emeline Parrish, about July 6, 1930, informed him that there were some deeds to be delivered at Ada, and asked him to go there and act for her in the delivery of the deeds; that he was present and saw Dr. B. B. Dawson deliver the envelope and deeds in question to defendant Earl Dawson.

Frank Coody, a railway mail clerk, who lived in Little Rock, Ark., was a witness for defendants. He testified in substance that he knew Dr. B. B. Dawson in his lifetime; that Dr. Dawson had told him that he was going to deed his property to his children; that he, Coody, lived across the street from defendant Earl Dawson; that in the latter part of July, 1930, he was in Earl's home in Little Rock, Ark.; that he then saw the deeds in question and the envelope containing the statement in the handwriting of Dr. Dawson and signed by F. W. Pinley, in the possession of defendant Earl Dawson.

198

Dr. W. D. Dawson, a brother of Dr. B. B. Dawson, testified that his brother, Dr. B. B. Dawson, had told him at one time that he intended to deed all his property to his two children, but that he was to be tenant of the property as long as he lived, so "it would be theirs after he was dead". He then testified that June, 1936, he had a conversation with his brother, Dr. B. B. Dawson, in which he asked his brother if he had made a will, and that Dr. B. B. Dawson replied:

"* * * No, there is no occasion. I have deeded my property to Earl and Emeline; all the property I had before Beulah (Mrs. Dawson) and me were married, I deeded all of that to Earl and Emeline before I was married, and it was to be mine as tenant until after my death, when it was to revert to them; all the property I had accumulated before the present Mrs. Dawson and me married was to be theirs."

From the record as a whole we cannot say that the findings and judgment of the trial court are against the clear weight of the evidence.

The judgment is affirmed.

WELCH, V. C. J., and CORN, GIBSON, HURST, and DANNER, JJ., concur. OSBORN, J., dissents. BAYLESS, C. J., and DAVISON, J., absent.